IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON WADE BURNETT,**

    **Petitioner,**

    v.                                                     **CASE NO. 24-3032-JWL**

**TED HEATON, et al.[1],**

    **Respondents.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner and state prisoner Jason Wade Barnett, who filed the petition pro se, is in custody at the Stevens County Jail in Hugoton, Kansas. (Doc. 1, p. 1, 6.)

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). The Court has screened the Petition as required and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth below.

---

[1] In addition to Stevens County Sheriff Ted Heaton, Petitioner has named as respondents in this action Stevens County Attorney Paul Kitzke and Judge Clint Peterson. (Doc. 1, p. 1.) The only proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Paul Kitzke and Judge Peterson will be dismissed as respondents, leaving only Sheriff Heaton, who as Sheriff of Stevens County, Kansas, oversees the Stevens County Jail, where Petitioner was confined when he filed the petition.

As the background for this matter, Petitioner explains that a status hearing in a state criminal matter against him was initially scheduled for on or around January 9, 2024 but the state district court ended up closed that day due to the weather. (Doc. 1, p. 6.) Petitioner was out of town working for most of February and when he returned home on February 25, 2024, he found in his mailbox a notice that the status hearing had been rescheduled to February 6, 2024. *Id.* Two days later, Petitioner was arrested on a warrant that had been issued after he failed to appear at the February 6 hearing. *Id.* at 1, 6. The district judge has denied Petitioner's request for bond and has "refused to see [Petitioner]." *Id.* at 1.

Liberally construing the petition, Petitioner raises three grounds for relief. First, he contends that the state court lacks personal jurisdiction over him. *Id.* at 6. Second, he argues that he is being improperly detained prior to conviction. Third, he argues that it is illegal to hold him without his consent and without bail and he explains that his detention is keeping him from providing for himself and his family and from defending an ongoing foreclosure action against his home and business. *Id.* As relief, Petitioner asks this Court to order his release and order the state district court to schedule a new court date—presumably for the status hearing—at least 60 days from now. *Id.* at 7.

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). The United States Supreme Court has long held that federal courts generally should not exercise their habeas corpus power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex parte Royall*, 117 U.S. 241 (1886).

In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain from exercising jurisdiction when: "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). The second prong is usually satisfied "'unless state law clearly bars the interposition of the federal statutory and constitutional claims.'" *Id.* With respect to the third prong, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

If the three *Younger* conditions are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th

Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

More recently, the Tenth Circuit explained that *Younger* and *Ex parte Royall* are related doctrines that "are based upon 'comity, that is, a proper respect for state functions'" and "stand for 'the requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings.'" *Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished order denying certificate of appealability and quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)). *Younger* applies when a state prisoner seeks a federal order enjoining state proceedings, while *Ex Parte Royall* applies when a state prisoner seeks federal habeas relief. *Id.* In this matter, Petitioner appears to seek both: a writ of habeas corpus directing his release and an injunction directing the state court to set a new hearing date at least 60 days from now.

Applying the law to the matter currently before this Court leads to the conclusion that the Court must abstain from interfering in Petitioner's state-court criminal proceedings. The petition in this matter does not allege the type of circumstances under which *Ex parte Royall* allows federal-court intervention in a state criminal prosecution. Moreover, the three *Younger* conditions appear to be satisfied. First, the criminal case is currently proceeding in the state district court. Second, the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings. Third, the State of Kansas has an important interest in prosecuting crimes charging

the violation of state law. Thus, it appears that *Ex parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state-court prosecution of Petitioner in Douglas County.

Petitioner is therefore directed to show good cause, in writing, on or before April 12, 2024, why this matter should not be summarily dismissed without prejudice based on the abstention doctrines set forth above. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that Paul Kitzke and Clint Peterson are dismissed as Respondents in this matter, leaving the sole Respondent in this matter as Ted Heaton, Sheriff of Stevens County, Kansas, where Petitioner was confined.

**IT IS FURTHER ORDERED** that Petitioner is granted until **April 12, 2024,** in which to show good cause, in writing, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated March 8, 2024, in Kansas City, Kansas.**

S/   Julie A. Robinson
HONORABLE JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE