IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON WADE BURNETT,

    **Petitioner,**

    v.                                                                   **CASE NO. 24-3032-JWL**

TED HEATON,

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241 by Petitioner and state pretrial detainee Jason Wade Burnett, who was detained at the time in the Stevens County Jail in Hugoton, Kansas. (Doc. 1.) *Id.* On March 8, 2024, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show good cause, in writing, why this matter should not be dismissed because federal courts generally must abstain from interfering in ongoing state criminal prosecutions. (Doc. 4.) The NOSC was mailed to Petitioner at the Stevens County Jail and the deadline to respond was set as April 12, 2024. *Id.*

On April 5, 2024, the envelope containing the NOSC was returned to the Court marked "Return to Sender[.] No longer here[.]" (Doc. 6.) The Court then issued a second NOSC, noting the local rule that requires Petitioner to update his address as necessary with the clerk and granting Petitioner until and including April 22, 2024 in which to provide his current address. (Doc. 7.) The deadlines to respond to both the first and second NOSC have now passed with no response from Petitioner.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has

long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with this Court's orders, the Court concludes that this matter should be dismissed under Rule 41(b) and, in the alternative, that this matter also should be dismissed under the abstention doctrines set out in the first NOSC.

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** under Rule 41(b) for failure to comply with court orders and, in the alternative, under the abstention doctrines set forth in the Court's previous notice and order to show cause. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated April 30, 2024, in Kansas City, Kansas.**

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
UNITED STATES DISTRICT JUDGE
